NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 12-2466

UNITED STATES OF AMERICA

v.

BRIAN K. DAGOSTINO, II,

Appellant

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 3-09-cr-00042-001)
District Judge: Honorable Kim R. Gibson

Submitted Under Third Circuit LAR 34.1(a)
March 8, 2013

Before: RENDELL, AMBRO, and VANASKIE, Circuit Judges

(Opinion filed: April 10, 2013)

OPINION

AMBRO, Circuit Judge

Brian K. Dagostino, II appeals the sentence and restitution order imposed by the

District Court following his guilty plea to receipt of material depicting the sexual

exploitation of a minor in violation of 18 U.S.C. § 2252(a)(2), and possession of material

depicting the sexual exploitation of a minor in violation of 18 U.S.C. § 2252(a)(4)(B). We affirm the sentence, but vacate the restitution order.

Prior to sentencing, the U.S. Probation Office prepared a Presentence Investigation Report ("PSR") stating that a victim was seeking restitution under the Mandatory Restitution for Sex Crimes section of the Violence Against Women Act of 1994, 18 U.S.C. § 2259(a). The PSR did not calculate the financial effect of Dagostino's offense. The PSR explained that the precise amount of the victim's harm could not be determined accurately at the time the report was submitted to the Court, and advised that the Government was "in the process of compiling additional information as to this issue." PSR at 15.

The District Court sentenced Dagostino to concurrent terms of 100 months' imprisonment followed by 15-year terms of supervised release. In addition, it ordered restitution in the amount of $5,000. It arrived at this amount after reading an Updated Victim Impact Statement, prepared by the victim (referred to as "Vicky"), which the Government submitted at sentencing. The victim's statement is part of the record on appeal, and has been filed under seal. However, it contained no financial estimates of the harm suffered. *See* App. at 130–31.

Dagostino raises two issues on appeal.[1] First, he argues that his sentence of 100 months' imprisonment was unreasonable. Second, he argues that the restitution order was improper because neither the victim nor the Government submitted a specific amount

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

2

claimed for restitution, and the District Court failed to explain how it arrived at the $5,000 amount.

We review sentences for both procedural and substantive reasonableness, applying an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (*en banc*). The party challenging the sentence bears the burden of demonstrating unreasonableness. *Id.* at 567.

In this case, the District Court properly calculated the Sentencing Guidelines range, and considered each § 3553(a) factor, following the required procedure. *Gall*, 552 U.S. at 51. It then applied a 51-month downward variance in light of Dagostino's personal characteristics and lack of criminal history. We have no reason to believe the sentence is unreasonable.

We exercise plenary review over whether an award of restitution is permitted, but we review specific awards of restitution for abuse of discretion. *United States v. Crandon*, 173 F.3d 122, 125 (3d Cir. 1999). The Mandatory Restitution for Sexual Exploitation of Children Act provides that restitution in "the full amount of the victim's losses" is "mandatory." 18 U.S.C. §§ 2259(b)(1), (4)(A).

The Government must prove, by a preponderance of the evidence, the amount of loss sustained by the victim. 18 U.S.C. § 3664(e). A court "must point to the evidence in the record supporting the calculation of loss to the victim[]," based on "specific findings regarding the factual issues." *United States v. Graham*, 72 F.3d 352, 356–57 (3d Cir. 1995).

The parties do not dispute the District Court's determination that Vicky was a victim of Dagostino's offense. We also conclude that the District Court properly found that Dagostino was the proximate cause of the victim's loss. At sentencing, the Government submitted an impact statement from the victim that describes the daily anxiety and paranoia that Vicky experiences, knowing that people are taking pleasure in the sexually explicit images of her abuse. We have consistently held that receiving and possessing child pornography causes direct harm to the victims depicted. *See, e.g.,* *United States v. Goff*, 501 F.3d 250, 259 (3d Cir. 2007) (explaining that "[c]onsumers . . . who . . . receive or possess child pornography directly contribute to this continuing victimization").

However, the parties agree that the Government did not present evidence of specific loss. It is not possible to discern how the District Court arrived at the $5,000 amount or to "point to evidence in the record supporting the calculation of loss." *Graham*, 72 F.3d at 357.

The Government asks us to remand for it to present such evidence. We decline to do so. Although we may reopen the record where the prosecution did not "have a fair opportunity to fully counter defendant's evidence," this is not such a case. *United States v. Dickler*, 64 F.3d 818, 832 (3d Cir. 1995); *see also Graham*, 72 F.3d at 355–56. The Government had a fair opportunity to submit evidence of the victim's loss, and to allow the Government to submit new evidence on remand would grant it "a second bite at the apple." *Dickler*, 64 F.3d at 832.

4

We recognize that Congress intended § 2259 to provide "broad restitution for a minor victim." *Crandon*, 173 F.3d at 126. However, the law is equally clear that restitution must be supported by a calculation of the victim's loss. *Graham*, 72 F.3d at 356. The Government submitted only one victim impact statement. The statement contained a devastating portrayal of an adult haunted by grotesque and unjustifiable wrongs done to her as a child. We do not diminish the toll this has taken on Vicky. We share the District Court's understandable and, in fact, quite natural inclination to provide some compensation for the harm sustained by her. Unfortunately, however, the Government's failure to submit timely some evidence by which to measure Vicky's financial loss precludes us from affirming the District Court's modest restitution order. As such, our precedent requires us to vacate without remand the $5,000 restitution award.

In this context, we affirm Dagostino's sentence and vacate the restitution order.